George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Michael Bedolla (California Bar No. 302517)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
mbedolla@kraw.com

Counsel for Plaintiffs:
Resilient Floor Covering Pension Fund, and
Board of Trustees of the Resilient Floor Covering Pension Fund

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO / OAKLAND DIVISION)**

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION FUND, and BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>THREE RIVERS FLOORING, INC., a California Corporation, and QUALITY CONTRACTING SERVICES, INC., a California Corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

**INTRODUCTION**

1.      This is an action to collect delinquent withdrawal liability that Defendants THREE RIVERS FLOORING, INC. and QUALITY CONTRACTING SERVICES, INC. (hereinafter collectively referred to as "Defendants"; separately referred to as "Three Rivers" and "Quality Contracting", respectively) owe to the Plaintiffs RESILIENT FLOOR COVERING PENSION

COMPLAINT - 1
CASE NO. ___

FUND (hereinafter referred to as "Pension Fund") and BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND (hereinafter referred to as "Trustees"), and to enforce Plaintiffs' demand for withdrawal liability.  This action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA").

## JURISDICTION AND VENUE

2.     The Court has jurisdiction of this action pursuant to 29 U.S.C. § 1451(c), 29 U.S.C. § 1132(e), and 28 U.S.C. §§ 1331 and 1337.

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1451(d) because the Pension Fund is administered in this District.

## INTRADISTRICT ASSIGNMENT

4.     Pursuant to Civil L.R. 3-2(c) & (d), assignment to either the San Francisco Division or the Oakland Division is appropriate because the Pension Fund is administered in Alameda County, California.

## PARTIES

5.     Plaintiff Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. § 1002(2) & (3), and is maintained for the purpose of providing retirement and related benefits to participants.  The Pension Fund is also a multiemployer pension plan within the meaning of Section 3(37) of ERISA, and 29 U.S.C. § 1002(37).

6.     Plaintiff Trustees is the Plan Sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii), and the members of the Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, and 29 U.S.C. § 1002(21)(A).

7.     Plaintiffs maintain their principal place of business at 4160 Dublin Boulevard, Suite 400, Dublin, California.

8.     Plaintiffs bring this action on behalf of themselves and plan participants and beneficiaries pursuant to Sections 502, 4221(d) and 4301 of ERISA, 29 U.S.C. §§ 1132, 1401(d) and 1451.

9.      Defendant Quality Contracting is a California corporation with a registered address and principal place of business located at 3668 Bilsted Way, Sacramento, California, and was a participating employer in the Pension Fund through 2015.

10.     Defendant Three Rivers Flooring is a California Corporation with a principal place of business located at 2121 Natomas Crossing-316 Sacramento, Ca 95834.

## FACTUAL ALLEGATIONS

11.     For a period of time prior to and including 2015, Quality Contracting was a signatory or otherwise bound by a Collective Bargaining Agreement ("CBA") with District Council 16, of the International Union of Painters and Allied Trades (hereinafter referred to as "Union"), under which Quality Contracting agreed to accept and be bound by all the terms, provisions, and conditions of the CBA.  The CBA obligated Quality Contracting to pay contributions to the Pension Fund in specified amounts for each hour worked by employees performing work covered by the CBA.

12.     Effective July 1, 2015, Quality Contracting withdrew from participation in the Pension Fund, ceased to contribute to the Pension Fund with respect to the work of employees covered by the CBA, and completely withdrew from the Pension Fund within the meaning of ERISA, 29 U.S.C. § 1381 *et seq*.

13.     As a result of that complete withdrawal, Quality Contracting is liable for withdrawal liability, as required by the Pension Fund's Trust Agreement and by Section 4201(a) of ERISA, 29 U.S.C. § 1381(a).

14.     The Pension Fund is informed and believes, and thereupon alleges, that there is a substantial continuity between Quality Contracting and Three Rivers in that both businesses are jointly owned and operated by Samuel Paiva ("Paiva") and Israel Rodriguez ("Rodriguez"). For the entire time that Quality Contracting was signatory, Paiva and Rodriguez operated the two businesses in tandem, and when Quality Contracting withdrew all of its commercial floor covering work was taken over by Three Rivers.

15.     Certified payroll reports filed under penalty of perjury and jobsite reviews performed by District Council 16 and provided to the Pension Fund establish that Three Rivers has taken over

COMPLAINT - 3

CASE NO. ___

the economically critical bulk of Quality Contracting's commercial floorcovering work in the Sacramento area.

16.     The commercial floor covering work performed by Three Rivers is substantially the same commercial floor covering work that was performed by Quality Contracting and therefore the same floor covering jobs exist under the same working conditions.

17.     At the time it took over the economically critical bulk of Quality Contracting's commercial floorcovering work in the Sacramento area, Three Rivers had actual notice of Quality Contracting's withdrawal liability because the Resilient Floor Covering Pension Fund is in Critical Status and sent funding notices stating as such to all employers including to Quality Contracting. Paiva and Rodriguez as owners and operators of Quality Contracting would have received the same. Three Rivers therefore has actual notice of the withdrawal liability through the actual notice of Paiva and Rodriguez who own and/or responsible for running the operations of Three Rivers.

18.     Three Rivers took over the floor covering business of Quality Contracting with notice of the withdrawal liability of Quality Contracting because both Samuel Paiva and Israel Rodriguez were responsible for the operations of both businesses. Moreover, certified payroll reports filed under penalty of perjury and jobsite reviews performed by District Council 16 and provided to the Pension Fund establish that Three Rivers has taken over the economically critical bulk of Quality Contracting's commercial floorcovering work in the Sacramento area.

19.     The Pension Fund made a determination of the amount of Quality Contracting's withdrawal liability in compliance with all the statutory requirements and the rules of the Pension Fund.  The Pension Fund assessed withdrawal liability against Quality Contracting in the amount of $827,429.  On February 8, 2017, notification of the withdrawal liability assessment and demand for payment thereof (on the schedule set forth by the Pension Fund: quarterly payments of $32,086, plus a final payment of $23,440 due until the balance was paid in full) was sent to Defendant Quality Contracting in accordance with Section 4219 of ERISA, 29 U.S.C. § 1399 and was sent by USPS First Class Mail and by USPS First Class Certified Mail (the "First Letter").

20.     On or around February 17, 2017 the First Letter sent by USPS First Class Certified Mail to Defendant Quality Contracting was returned to the Plaintiffs as "Temporarily Away/Unable to Forward". Upon information and belief, the First Letter sent by First Class Mail was not returned to the Pension Fund.

21.     By certified letter dated August 18, 2017 (the "Second Letter"), the Pension Fund notified Defendants collectively of the withdrawal liability, of the Pension Fund's determination that Three Rivers is liable for the withdrawal liability as a successor employer, and made a demand for payment.  The Second Letter demanded withdrawal liability in an amount and according to a payment schedule identical to those previously demanded in the First Letter, and notified Defendants that the Pension Fund had determined Three Rivers was liable for withdrawal liability as a successor employer to Quality Contracting.

22.     The Second Letter was sent by USPS First Class Mail and USPS First Class Certified Mail to Defendants Quality Contracting and Three Rivers (at two different addresses in Sacramento, California and Yuba City, California, respectively).  In August of 2017, the signed certified receipt was received by the Plaintiffs verifying that Defendant Three Rivers was notified by the certified letter sent to the Sacramento, California location.  A Notice of the Certified Letter was left with Defendant Quality Contracting on August 23, 2017 by USPS however remained unclaimed and was returned to the sender on September 11, 2017. Upon information and belief, the Second Letter sent by USPS First Class Mail was not returned to the Pension Fund.

23.     Defendants failed to make any withdrawal liability payments according to the schedules described in the First and Second Letters.  Defendants further failed to cure their delinquency within 60 days of being notified of such failure, and thus are in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

24.     Defendants failed to initiate arbitration regarding the assessment or schedule of the withdrawal liability within 90 days of receiving the Second Letter, as required by Section 4219(b)(2)(A)(i) of ERISA, 29 U.S.C. § 1399(b)(2)(A)(i), thereby waiving all defenses to the collection of withdrawal liability.

## STATEMENT OF CLAIM

### (COUNT ONE – ALTER EGO LIABILITY)

25.     Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 24, as fully set forth herein.

26.     Quality Contracting is a business that is engaged in commercial flooring installation and was a signatory to the CBA.

27.     Quality Contracting is jointly owned and operated by Paiva and Rodriguez.  Paiva and Rodriguez were jointly listed as Responsible Managing Officers holding 10% or more of voting stock/equity of Quality Contracting, effective February 17, 2009, in documents submitted to the California Department of Consumer Affairs' Contractors State License Board.   Quality Contracting further submitted documents to the Pension Fund which list Paiva and Rodriguez as President and Treasurer, respectively, and which identify each as holding 50% of the shares of Quality Contracting.

28.     Three Rivers is a business that is engaged in flooring installation, but is not a signatory to the CBA.

29.     Three Rivers is also jointly owned and operated by Paiva and Rodriguez.  Paiva and Rodriguez were jointly listed as Responsible Managing Officers holding 10% or more of voting stock/equity of Three Rivers, effective June 22, 2010, in documents submitted to the California Department of Consumer Affairs' Contractors State License Board.

30.     Upon information and belief, Rodriguez and Paiva ran Quality Contracting and Three Rivers in tandem for the entire period that Quality Contracting was a signatory contractor with the intent of avoiding Quality Contracting's collective bargaining and pension obligations, including withdrawal liability, therefore Three Rivers is the alter ego of Quality Construction.

### (COUNT TWO – WITHDRAWAL LIABILITY/SUCCESSOR LIABILITY)

31.     Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 30, as fully set forth herein.

32.     Quality Contracting completely withdrew from the Pension Fund in 2015.

33.    As a result of Quality Contracting's complete withdrawal, Quality Contracting and Three Rivers are jointly and severally liable for the withdrawal liability assessed by the Pension Fund, on the schedule set by the Pension Fund, as required by the Trust Document and by ERISA.  *See* 29 U.S.C. §§ 1301(b) & 1381(a).

34.    Three Rivers is the successor of Quality Contracting because it took over the economically critical bulk of the commercial floor covering operations of Quality Contracting and because it had actual knowledge of Quality Contracting's withdrawal liability at the time of the withdrawal.

35.    To date, Defendants have failed and refused to pay their withdrawal liability despite clear and unequivocal obligations under ERISA.

36.    Plaintiffs are entitled to a judgment against Quality Contracting for the entire amount of withdrawal liability, as well as statutorily mandated liquidated damages, interest, and attorneys' fees and costs of suit, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g)(2).  Plaintiffs are further entitled to a judgment against Three Rivers as a successor of Quality Contracting for the entire amount of withdrawal liability, as well as statutorily mandated liquidated damages, interest, and attorneys' fees and costs of suit, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to award them a judgment against the Defendants as follows:

In the full amount of Quality Contracting's withdrawal liability, together with liquidated damages or double interest, whichever is greater, interest, attorneys' fees and costs, and such other legal and equitable relief to which the Court may find Plaintiffs are entitled.

Dated:  July 24, 2018                    KRAW LAW GROUP, APC


                                         /s/Katherine McDonough
                                         KATHERINE MCDONOUGH
                                         *Attorneys for the Plaintiffs*

COMPLAINT - 7
CASE NO. ___