UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THREE RIVERS FLOORING, INC., and QUALITY CONTRACTING SERVICES, INC.,<br><br>Defendants. | Case No. 18-cv-04480-WHO<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 27, 28 |

Plaintiffs sue two defendants in this Employee Retirement Income Security Act trust fund collections case:

- Quality Contracting Services, Inc. ("Quality") – an allegedly defunct corporation that entered into a Collective Bargaining Agreement ("CBA") with a union obliging it to make contributions to plaintiffs' Pension Fund for employees performing work covered by the CBA; and

- Three Rivers Flooring, Inc. ("Three Rivers") – an ongoing entity whom plaintiffs allege is the alter ego and successor in interest to Quality.

Plaintiffs brought this case is brought under Sections 502, 4221(d) and 4301 of ERISA (29 U.S.C. §§ 1132, 1401(d) and 1451) to collect "withdrawal liability" funds under 29 U.S.C. § 1381(a) that plaintiffs allege Quality incurred as a result of withdrawing from the CBA and which are now allegedly the responsibility of Three Rivers.

There are only two causes of action alleged in the Complaint: Count One "Alter Ego Liability," alleging that Three Rivers is the alter ego of Quality and responsible for Quality's withdrawal liability; and Count Two, "Withdrawal Liability/Successor Liability," alleging that Three Rivers has successor liability to Quality and is responsible for Quality's withdrawal liability. Dkt. No. 1.

Three Rivers answered the Complaint, but Quality did not. In November 2018, upon plaintiffs' request, the Clerk's Office entered default against Quality and on February 26, 2019, plaintiffs moved for entry of default judgment against Quality. Dkt. Nos. 27, 28.[1] In their motion, plaintiffs ask me to enter a judgment against Quality and award plaintiffs withdrawal liability against Quality in the amount of $827,429.00, liquidated damages in the amount of $165,485.80, and interest in the amount of $75,871.44. Dkt. No. 28-2.

Plaintiffs' motion ignores that there are *two defendants* in this action who are identified as defendants for both of causes of action alleged in the Complaint. Plaintiffs' motion also ignores that the causes of action – which define the scope of the default judgment I may enter in my discretion – are for "alter ego" and "successor liability." Therefore, any default judgment on those causes of action would necessarily and adversely bind Three Rivers, who has appeared and is defending this action. Finally, as Three Rivers points out in its response (Dkt. No. 32), entering plaintiffs' requested default judgment against Quality would unfairly preclude Three Rivers from disputing the amount of withdrawal liability (if any) it might owe under either of the asserted causes of action.

Given the posture of this case as pleaded by plaintiffs, the motion for entry of default judgment sought against Quality is DENIED.

**IT IS SO ORDERED.**

Dated: April 4, 2019

William H. Orrick
United States District Judge

---

[1] Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986). In determining whether to exercise its discretion and enter a default judgment, courts consider the following: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the FRCP favoring decisions on the merits. *Eitel*, 782 F.2d at 1471.